HARRISON, *v.* SHOTWELLS.

## HARRISON. *vs.* SHOTWELLS.

THE recitals in a deed, as to the payment of a consideration, are evidence as between parties and privies to the deed, but not as between strangers to it, where the party introducing the deed, deriving all the title which he has, from 'he prior registration of such deed, claims to be a *bona fide* purchaser.

Such recitals are mere admissions, and are not to be received as evidence against those who are not privies to the instrument containing them.

*Jury Trial, at VanBuren County Circuit Court, Oct.,* 1869.

Action in ejectment.

In 1839, Thomas B. Millard received from the United States, a patent for the N. E. 1-4 of the N. E. 1-4 of Sec. 35, T. 2 S., R. 14 W., in Van Buren County. In 1837, two years before the date of the patent, Millard executed a warranty deed for the same, including in the conveyance lands in Barry County, to H. N. Monroe. The deed was, soon after its execution, recorded in Barry County; but was not recorded in Van Buren County, until 1867. Monroe deeded to one Critten-den, and Crittenden, by heirs at law to Harrison, the plaintiff in this suit.

The defendant's claim of title is as follows: In 1865, Thom-as B. Millard executed a quit-claim deed, for the premises in question, to Silliman. Silliman deeded to Mary Conway, Mary Conway to David Bacon and Bacon to Shotwells, the defendant.

The proofs showed that no consideration passed from Silli-man to Millard, nor from Mrs. Conway to Silliman; and that Silliman and Mrs. Conway knew of the prior unrecorded deed from Millard to Monroe.

There was no evidence, other than the recital in the deed, that any consideration passed from Bacon to Conway.

There was evidence tending to show that Shotwells had knowledge, at the time he purchased from Bacon, of the exist-ence of Millard's deed to Monroe.

*G. W. Lawton,* and *H. F. Severens,* for Plaintiff.

" The recital of a consideration in the deed from Conway to Bacon was not evidence of the payment of such consideration,

as against the plaintiff, who is a stranger to that deed, and not in privity with the parties to it.

The defendant who sets up a title by priority of registration and the payment of a valuable consideration, must prove the facts, making his case; and the recital in the deed executed by the grantor, as part of a plan to get a dishonest advantage, is no evidence against the holder of the adverse, regular title. *Mowrey, vs. Vandling,* 9 *Mich.,* 39; *Nolen, vs. Gwynn,* 16 *Ala.,* 725; *Lloyd vs Lynch,* 28 *Penn , St.* 419; 1 *Hilliard on Vendors,* 406; *Penrose, vs. Griffith,* 4 *Binn.* 231; 6 *Barr.* 239; 3 *Watts & Serg.* 332."

*E. Bacon,* and *T. H. Stephenson,* for Defendant.

"It is incumbent on the party attacking a deed having priority of record, to show notice, or *mala fides,* in the party claiming under it. *Godfrey, vs Disbrow, et. al., Walker's Ch R.,* 260; 13 *N. Y,* 509.

Two maxims: *Mala fides,* or fraud is not to be presumed.— Every specialty is presumed to have a consideration.

As to what is a sufficient notice of an unrecorded deed—4 *Mich.,* 92; 4 *Kent Com ,* 171; 8 *J. R.,* 137."

Numerous objections were raised at the trial, as to the admissibility of evidence. The defendant's counsel presented to the Court thirty-seven requests to charge the jury; twenty-seven of which were refused; and among them the following:

"33—That the deed from Mary Conway, to David Bacon, is "*prima facie* evidence that it was for the consideration therein "expressed, and that the amount therein expressed, was paid by "the grantee, to Mary Conway, the grantor."

BROWN, J., Instructed the jury, in relation to the question involved in this request, in substance, that if they should find that David Crittenden was dead, as claimed by the plaintiff, and that George F. Crittenden, plaintiff's grantor, was his legitimate and only child, and surviving heir at law, the plaintiff had made out a *prima facie* case; and that in order to defeat his title, the defendant, claiming in opposition to the prior unrecorded deed, under a subsequent deed from the same grantor, must show affirmatively, priority of record, want of notice of such unrecorded deed, *and the payment of a valuable consideration.*

The recitals in a deed, of the payment of a valuable consideration, are evidence as between parties and privies to the deed, but *not* as between strangers, in such a case as this, where it is necessary that the defendant should show the payment of a valuable consideration for the deed claiming priority of record. Such recitals are to be considered as mere admissions, and are not to be received as evidence against those who are not privies to the instrument containing them.

Verdict for plaintiff.

A bill of exceptions has been settled, in this case.